THE HAMILTON AND DEANSVILLE PLANK ROAD COMPANY vs. CARLTON RICE.

An assignor of a thing in action, who has assigned to become a witness, may be in certain cases a competent witness; but if he remains *interested in the event of the suit,* is incompetent, notwithstanding the provisions of the 351st section of the code. Although *interest* as a general rule (under the code) does not render a witness incompetent.

*Madison circuit.*—This was an action to recover several instalments of the Defendant's subscriptions of stock. And a question arose whether a stockholder who had assigned his stock to another stockholder who had given him his note for the par value of the stock, could be sworn as a witness upon the ground that he had assigned the stock for the purpose of being a witness.

Mr. NYE, *for the Plffs.*

Mr. ELDREDGE, *for the Deft.*

GRIDLEY, Justice.—The objection is made upon the ground that the witness is " *an assignor of a thing in action assigned for the purpose of making him a witness,*" and not on the ground that the witness is still interested in the event of the suit. I think that a careful reading of the 351st and 352d sections of the code will show the objection to be untenable. The 352d section does not declare that the " assignor of a thing in action assigned for the purpose of making him a witness," shall be *incompetent as a witness:* but that the 351st *section shall not apply* to such assignor. Now the 351st section simply enacts that " no person shall be excluded from being a witness, *by reason of his interest in the event of the action*" The conclusion is, therefore, this : that if the

assignor who has assigned to become a witness, still remains interested in the event of the suit, he shall still be incompetent, notwithstanding the provisions of the 351st section. If that section should be applied to such an assignor, he might be a witness, though he remained interested in the event of the suit, as in many cases he does, notwithstanding the assignment. The code intended to exclude such assignors, *if interested*, though interest, as a general rule, would not render a witness incompetent. Such an assignor, if divested of his legal interest, would have been competent under the old law. And it is the policy of the code to *enlarge*, and not *contract*, the rule of competency as applied to witnesses.